UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT S.D. BERGEN,<br><br>    Petitioner,<br><br>    v.<br><br>DR. HENRY RICHARDS,<br><br>    Respondent.<br>_____ | Case No. C06-819-RSL-JPD<br><br><br>REPORT AND RECOMMENDATION |

## I.  INTRODUCTION AND SUMMARY CONCLUSION

Petitioner has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to seek relief from his present order of commitment, a necessary predicate of which was his 1997 Snohomish County judgment of conviction. Dkt. No. 1.  Respondent has filed a motion to dismiss in lieu of an answer to that petition, wherein he argues that the petition is successive, and for that reason, should be dismissed or transferred to the United States Court of Appeals for the Ninth Circuit.  Dkt. No. 12.  After careful consideration of the petition, the parties' pleadings, all governing authorities and the balance of the record, the Court concludes that the petition is successive and recommends that it be transferred to the Ninth Circuit pursuant to 28 U.S.C. § 1631 and Circuit Rule 22-3(a).

REPORT AND RECOMMENDATION
PAGE - 1

01                           II.  FACTS AND PROCEDURAL HISTORY

02            Petitioner is currently in the custody of the Department of Social and Health Services

03     (DSHS), having been involuntarily committed as a sexually violent predator as that term is

04     defined by R.C.W. § 71.09.020(16).  Dkt. No. 12-1, Ex. 1.  He currently resides at the

05     Special Commitment Center in Steilacoom, Washington.

06            On September 2, 1997, following a jury trial, petitioner was found guilty of one count

07     of communicating with a minor for immoral purposes and not guilty on one count of rape of a

08     child in second degree.  On October 9, 1997, petitioner was sentenced to a term of sixty

09     months' confinement.  On April 23, 2001, a sexually violent predator action was filed against

10     petitioner in the Snohomish County Superior Court.  On November 2, 2001, a jury returned a

11     verdict that petitioner was a sexually violent predator, and on the same date, the Superior

12     Court entered an Order of Commitment pursuant to R.C.W. § 71.09.060.  The parties agree

13     that petitioner's 1997 criminal conviction forms at least part of the basis for his civil

14     commitment.  *See* Dkt. No. 12 at 2; Dkt. No. 13 at 2.

15            Mr. Bergen has previously filed two federal habeas corpus petitions.  The first

16     petition, filed on December 13, 2001, was dismissed with prejudice for failure to exhaust

17     administrative remedies.  *Bergen v. Payne*, Case No. C01-1510-BJR, Dkt. No. 21 (W.D.

18     Wash. 2002).  Petitioner's request for a certificate of appealability was also denied.  *See id.*,

19     Dkt. No. 25; *Bergen v. Payne*, Case No. 02-35623 (9th Cir. 2002).  Petitioner's second

20     petition, filed on March 19, 2004, appeared to challenge his civil commitment, but was

21     ultimately found to be an attempt to once again attack the propriety of his 1997 conviction.

22     The court transferred the petition to the Ninth Circuit as a second or successive petition,

23     *Bergen v. Seling*, Case No. C04-5155-RBL, Dkt. No. 16 (W.D. Wash. 2004), and the Ninth

24     Circuit later denied petitioner's request to file such a petition because petitioner has not made

25     the requisite showing under 28 U.S.C. § 2244(b)(2).  *Bergen v. Seling*, Case No. 04-74248

26     (9th Cir. 2004).

01    On June 9, 2006, petitioner commenced the present action by lodging his third

02 petition for writ of habeas corpus under 28 U.S.C. § 2254. Dkt. No. 1. Service was directed

03 by this Court on July 17, 2006. Dkt. No. 5. The instant petition raises no less than the

04 following eight grounds for relief: (1) ineffective assistance of counsel; (2) prosecutorial

05 misconduct; (3) collusion among witnesses; (4) cruel and unusual punishment in violation of

06 the Eighth Amendment; (5) "actual innocence" in the underlying criminal case giving rise to

07 petitioner's present civil commitment under R.C.W. § 71.09 *et seq.*; (6) the government's

08 withholding of exculpatory evidence in the underlying criminal case; (7) "constitutionally

09 inadequate defense and investigation" in the underlying criminal case leading to petitioner's

10 civil commitment; and (8) "egregious violations of law and of constitutional protections by

11 Washington State Courts and authorities in basing *any part* of their decisions and/or

12 arguments regarding [petitioner] on a 1947 conviction." Dkt. No. 1 at 7-13.

13    Respondent argues that the instant petition is a second or successive petition and

14 should be dismissed or transferred on that basis. Dkt. No. 12 at 5. Petitioner, in reply to

15 respondent's motion to dismiss, argues that he is not "in custody" as that term is defined by

16 28 U.S.C. § 2254(a), and insists that the present habeas corpus petition should be treated as

17 his first. Dkt. No. 13 at 2-4. Petitioner has also moved separately for an evidentiary hearing

18 to unearth the alleged "misconduct and illegalities which arose in his underlying criminal case

19 giving rise to his present civil detention." Dkt. Nos. 13, 14.[1]  Petitioner's petition and the full

20 record in this case are now before the Court.

21

22

23

---

24    [1] The most recent filing by petitioner appears to inquire as to the possible withdrawal of
the instant § 2254 petition. However, petitioner's question, indeed the entire filing itself, is
25 based on obtaining the evidentiary hearing mentioned above. Because withdrawal of
petitioner's habeas corpus petition will not accomplish that, the Court refuses to construe
26 petitioner's most recent filing as a motion to withdraw or voluntarily dismiss his petition.

REPORT AND RECOMMENDATION
PAGE - 3

III.   DISCUSSION

By statute, this Court is without jurisdiction to consider a second or successive habeas corpus petition until the Ninth Circuit Court of Appeals has authorized its filing.  *See* 28 U.S.C. § 2244(b)(3)(A); Ninth Circuit Rule 22-3(a).  The Antiterrorism and Effective Death Penalty Act (AEDPA) provides that *before* a second or successive habeas petition is filed in the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).  Section 2244(b)(3)(A) thus creates a "gatekeeping" mechanism at the appellate court for the consideration of second or successive applications in the district courts.  *See Felker v. Turpin*, 518 U.S. 651, 657 (1996).  Specifically, it "transfers from the district court to the court of appeals a screening function which would previously have been performed by the district court."  *Id.* at 664.  Permission may be obtained only by filing, with the appropriate appellate court, a motion for authorization to file a successive habeas petition with the district court.  The court of appeals may authorize the filing of a second or successive application for habeas relief only if it determines that the application makes a *prima facie* showing that the requirements set forth in 28 U.S.C. § 2244(b)(2) have been met.

Because petitioner has previously filed at least one other § 2254 petition in this court which was dismissed with prejudice, the instant petition is a second or successive one.  The fact that petitioner is now civilly committed at the Special Commitment Center rather than incarcerated at the Snohomish County Jail is of no moment, for "[l]ike criminal incarceration, involuntary commitment satisfies § 2254's custody requirement."  *Brock v. Weston*, 31 F.3d 887, 890 (9th Cir. 1994).  In his present petition, petitioner continues to attack the legality of his 1997 criminal conviction, both independently and "in the context of an attack on his commitment under [R.C.W. § 71.09.060]."  *Id.*  Moreover, the parties agree that petitioner's 1997 conviction is "a necessary predicate to the confinement" of which petitioner now complains.  *Id.*

REPORT AND RECOMMENDATION
PAGE - 4

01      Petitioner has offered no cognizable reason not to treat the instant petition as a second

02  or successive petition pursuant to the Antiterrorism and Effective Death Penalty Act.

03  Accordingly, this Court is without jurisdiction to consider the petition until the Ninth Circuit

04  Court of Appeals has authorized its filing.  *See* 28 U.S.C. § 2244(b)(3)(A).

05                                IV.   CONCLUSION

06      For the foregoing reasons, and in the interests of justice, this Court recommends that

07  petitioner's petition under 28 U.S.C. § 2254 be considered successive and therefore be

08  transferred to the Ninth Circuit pursuant to 28 U.S.C. § 1631 and Circuit Rule 22-3(a).

09  Petitioner is advised this transfer will not by itself constitute compliance with § 2244(b)(3)

10  and Ninth Circuit Rule 22-3; he still must file an application for leave to proceed in the Ninth

11  Circuit and make the showing required by § 2244(b)(2).  Petitioner is directed to consult this

12  statute and Ninth Circuit Rule 22-3 for further information.  A proposed Order is

13  accompanies this Report and Recommendation.

14      DATED this 24th day of October, 2006.

15

16

17  JAMES P. DONOHUE
    United States Magistrate Judge

18

19

20

21

22

23

24

25

26

REPORT AND RECOMMENDATION
PAGE - 5